UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr., # 200273, *aka* Malik Al-Shabazz,  <br><br>　　　　　　　　　　　Plaintiff,  <br><br>vs.  <br><br>Chief of Police Randall Lear; Sgt. Kenneth Lear; and PFC Jeff D. Outlaw,  <br><br>　　　　　　　　　　　Defendants. <br>_____ | ) C/A No.: 8:09-410-DCN-BHH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The above-captioned case was removed to the United States District Court for the District of South Carolina by the defendants in a state court action. Defendants allege in their Notice of Removal that the plaintiff alleges violations of federal law.

## DISCUSSION

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *In re Blackwater Security Consulting*, LLC, 460 F.3d 576 (4th Cir. 2006).

A plaintiff may object to the removal of a case. Even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or

diversity jurisdiction. A federal court is not bound by the parties' characterization of a case or its appropriate parties. *Lyon v. Centimark Corporation*, 805 F. Supp. 333, 334 (E.D.N.C. 1992).

Plaintiff, a frequent litigator in this court, is currently an inmate at the Allendale Correctional Institution. He originally filed this civil action *pro se*, in the Chesterfield County Court of Common Pleas, on December 22, 2008 alleging, *inter alia*, violations of state and federal law. At the time plaintiff commenced his action in state court, he filed a motion to proceed *in forma pauperis* ("IFP").

Plaintiff alleged in his state court complaint that two Chesterfield County police officers conspired to harass the plaintiff by taking the plaintiff on a "lengthy high speed chase" in December 2007. Plaintiff was not arrested that evening but several warrants were issued for his arrest. Plaintiff claims he turned himself in at a later point in time. It is not clear if he remained in a local detention facility or if he was released on bond, however, plaintiff alleges that the charges were ultimately dismissed in General Sessions court. Plaintiff then filed his state court case seeking damages for what he claims was a false arrest.

Defendants were served with the state court summons and complaint. They removed the case to this Court. Upon removal, the defendants paid the full filing fee. As noted above, plaintiff was proceeding *in forma pauperis* in the state court action. In this Court, because plaintiff has been a frequent litigator who files frivolous lawsuits, he is subject to the "three strikes rule", under 28 U.S.C. §1915(g). *See Lisenby v. Lear, et al.*, Civil Action No. 8:05-0205-18BI (D.S.C. 2005); *Lisenby v. Jordon, et al.*, Civil Action No. 8:08-2968-DCN-BHH (D.S.C. 2008); *Lisenby v. Coleman, et al.*, Civil Action No. 9:00-3447-

DCN-GCK (D.S.C. 2000); *Lisenby v. Scurry, et al.*, Civil Action No. 7:99-2281-DCN-GCK (D.S.C. 1999). This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

While in this court then, plaintiff is subject to the provisions of the Prison Litigation Reform Act (PLRA). Section 1915(g) of that Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The "three strikes provision" does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed *in forma pauperis*, requiring the inmates to pay the full filing fee prior to commencing a suit. In this instance, however, the District Court cannot ask the plaintiff to pay the filing fee because the defendants have already tendered the full amount to the court. *See* 28 U.S.C. § 1914.

As for the merits of the case, plaintiff's attempts to sue the defendants for a South Carolina state law tort, such as false imprisonment, is not cognizable in a § 1983 action. *See Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff's federal claims, or other supplemental claims, are barred by 28 U.S.C. § 1915(g), *in this Court*. Thus, with respect to any civil case plaintiff files with this Court seeking to proceed *in forma pauperis*, he is barred from doing so, unless he prepays the full filing fee, which is this instance, the Court may not accept.

At least one court has taken the position that dismissal is an appropriate remedy

under these circumstances. *See Farnsworth v. Washington State Dept. of Corrections*, 2007 WL 1101497 (W.D. Wash. 2007). Another court has held that because the defense paid the filing fee upon removal, the plaintiff is not barred by § 1915(g). *See Gray v. Cardoza*, 2006 U.S. Dist. Lexis 43710 (E.D. Cal. June 26, 2006). A third court has held that the defense had an absolute right to remove from state court. *See Lanier v. Holiday*, 2005 WL 1513106 (W.D. Tenn. June 16, 2005). In these last two cases, the court went on to dismiss after screening pursuant to 28 U.S.C. § 1915A.[1] After ordering a dismissal in *Lanier*, the court imposed a monetary sanction on plaintiff if he appealed and the court ordered the same sanction if plaintiff filed any future cases which were in turn removed to the district court.

A fourth court faced with this question properly noted that these types of cases present an anomalous situation:

> If an indigent federal three strikes plaintiff sues in state court and the case is removed to the federal court where plaintiff is obligated to continue his litigation, it results in trumping the effect of §1915(g). If the plaintiff is precluded from initiating the litigation in federal court by reason of § 1915(g), a defendant can effectively end a meritorious claim by an indigent plaintiff in state court by removing it to federal court where the claim will be stricken under the three strikes rule. Under both scenarios, a plaintiff would also lose the right to appeal; a remedy also denied him under §1915(g).

*Bartell v. Beard*, 2008 WL 4363645 (M.D. Pa. 2008).

As for the latter reason outlined in *Beard* - that defendants could end meritorious litigation through a procedural maneuver - the United States Supreme Court has looked upon this type of removal with disfavor. *See eg. Lapides v. Board of Regents of the University System of Georgia, et. al.*, 535 U.S. 613 (2002)(by removing this matter to

---

[1] In *Gray v. Cardoza, supra*, the plaintiff was granted leave to amend his Eighth Amendment claim.

federal court, defendants have waived their right to assert 11th amendment immunity as a defense); *See also Johnson v. Ozmint*, 456 F. Supp. 2d 688, 697 (D.S.C. 2006)(defendants agree the federal court has supplemental jurisdiction over the S.C. Tort Claims Act claims in a removed case).

Certainly, if plaintiff were permitted to proceed with this action in this Court without having paid the filing fee, the purpose of the three strikes rule under §1915 (g) would be thwarted and plaintiff could continually circumvent the rule countless times by simply continuing to file actions in state court *in forma pauperis*, with the likely removal of his cases to federal court by defendants.

This Court should not permit plaintiff to circumvent Congressional intent, as expressed in Section 1915(g), to reduce the number of meritless prisoner filings so that meritorious claims may be heard in an expeditious manner.  Since plaintiff filed his action in state court *in forma pauperis* and he cannot pay the necessary filing fee, the intent of Congress in passing § 1915(g) can only be realized if plaintiff is denied the privilege of proceeding in this Court.

Additionally, plaintiff has not alleged he is in imminent danger of physical injury. "Imminent danger" refers to danger at the time of filing the civil action, not at the time of the alleged incident.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd Cir. 2000).[2]  Since the plaintiff raises issues pertaining to an arrest which occurred in December of 2007, his allegations do not meet the exception to §1915(g).

---

[2] The court in *McKelvie* also found that prisoners could seek relief in state court, where limitations on filing "I.F.P." may not be as strict. "Potentially negative consequences in *federal* courts, as distinguished from *state* courts, are precisely the consequences intended by Congress." *McKelvie*, 239 F. 3d @ 314-15 (emphasis in original).

Furthermore, the defendants should not be allowed to end a meritorious claim filed by an indigent plaintiff in state court by removing it to federal court where the claim will be stricken under the three strikes rule. Thus, the only fair and appropriate remedy under this set of circumstances is to remand this case to the Court of Common Pleas for Chesterfield County.

There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. The only district court in this Circuit to have addressed this issue in a published opinion held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co.*, Inc., 783 F. Supp. 249, 250 (D.S.C. 1992) (Hawkins, J.) ("[A] remand order is the equivalent of a dismissal. The Magistrate [Judge's] Order thus sought to effect an 'involuntary dismissal' of the action."). The Fourth Circuit Court of Appeals has not addressed the issue. *See Jonas v. Unisun Ins. Co.*, 230 F.3d 1352 (4th Cir.2000) (unpublished) ("[T]his court has not addressed whether a magistrate judge may issue an order of remand....").

Furthermore, although the United States Supreme Court has not addressed this issue directly, it has been suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). Additionally, three federal circuit courts have addressed this matter in published opinions holding that remand motions are dispositve. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001); *First Union*

*Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998).

## **RECOMMENDATION**

Based on the foregoing, it is recommended that this matter be remanded to the Court of Common Pleas for Chesterfield County.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 17, 2009

Greenville, South Carolina

***The parties' attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 10768

Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).