IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., #200273, a/k/a Malik Al-Shabazz, | ) ) ) | C/A No. 8:09-410-DCN-BHH |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER & OPINION** |
| Chief of Police Randall Lear; Sgt. Kenneth Lear; and PFC Jeff D. Outlaw, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on a report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). Defendants have filed objections to the report and recommendation. For the reasons set forth below, the court adopts and affirms the magistrate judge's report and recommendation and remands the case to state court.

## I. BACKGROUND

Plaintiff, a frequent litigant in this court, is currently an inmate at Ridgeland Correctional Institute. In his current action, originally filed in state court accompanied by a request to proceed *in forma pauperis*, plaintiff alleges violations of state and federal law. Specifically, plaintiff claims Chesterfield city police officers conspired to harass him. Plaintiff's claims of harassment center on an alleged December 2007 high-speed car chase. Apparently, plaintiff was not arrested on the day of the high-speed chase, but upon learning that there was an outstanding warrant for his arrest, plaintiff turned himself

1

in at the local jail. Plaintiff alleges that the charges relating to the high-speed chase were ultimately dismissed. Plaintiff then filed this case in state court seeking monetary relief and alleging, among other causes of action, false imprisonment, defamation, cruel and unusual punishment, and illegal search and seizure.

After being served with the state court summons and complaint, defendants removed the case to this court pursuant to 28 U.S.C. § 1446. Defendants assert that this court has original jurisdiction under 28 U.S.C. § 1331 because plaintiff has alleged violations of federal law in his complaint. Thus, say defendants, this case is removable pursuant to 28 U.S.C. § 1441. Since plaintiff was proceeding *in forma pauperis* in the state court action, defendants were required to pay this court's $350 filing fee upon removal.

Although plaintiff's current case is in this court due to its removal from state court by defendants, plaintiff himself has filed numerous previous actions in this court. See, e.g., Lisenby v. Jordan, et. al., Civil Action No. 8:08-2968-DCN-BHH (D.S.C. 2008); Lisenby v. Lear, et. al., Civil Action No. 8:05-0205-DCN-BHH (D.S.C. 2005); Lisenby v. Coleman, et. al., Civil Action No. 9:00-3447-DCN-GCK (D.S.C. 2000); Lisenby v. Scurry, et. al., Civil Action No. 7:99-2281-DCN-GCK (D.S.C. 1999). The court dismissed all these cases, noting that each qualified as a "strike" under the Prison Litigation Reform Act's (PLRA) "three strikes rule." See 28 U.S.C. § 1915(g).

## II. STANDARD OF REVIEW

This court must conduct a de novo review of any portion or portions of the magistrate judge's report to which an objection is made, and may accept, reject, or

2

modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). However, this court need not review any findings or recommendations to which neither party objects. Thomas v. Arn, 474 U.S. 140, 150 (1985). A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984) (adopting interpretation of 28 U.S.C. § 636 which conditions appeal from district court's judgment on magistrate judge's recommendation on party's filing of objections with district court). A general objection which is not "'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute'" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (quoting United States v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996)).

### III. DISCUSSION

In 1996, Congress passed the PLRA to address concerns about the "'ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary.'" Green v. Young, 454 F.3d 405, 406 (4th Cir. 2006) (quoting Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005)). The PLRA substantially restricts a prisoner's ability to bring a civil action in federal court. Green, 454 F.3d at 406. Of particular importance to this case is the PLRA's "three strikes" provision, which denies *in forma pauperis* status to certain litigants:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury.

28 U.S.C. §1915(g). The PLRA thus requires prepayment in full of all filing fees if on at least three prior occasions the prisoner has had an action dismissed pursuant to section 1915(g). Green, 454 F.3d at 407-08. As applied to plaintiff, section 1915(g) prohibits him from filing a case in this court without paying the full filing fee because he has previously filed four frivolous cases. Indeed, in each of the four cases listed above, the court dismissed plaintiff's claims, noted that each case was frivolous, and informed plaintiff that each would count as a "strike" under section 1915(g).

Had plaintiff filed the instant action in this court without paying the full filing fee, there is no question it would have been dismissed pursuant to section 1915(g). However, plaintiff's case is in this court through the removal of the case from state court by defendants, not by plaintiff's own volition. This presents the court with a thorny issue. On the one hand, pursuant to the PLRA, plaintiff's history of frivolous litigation in this court should prohibit him from proceeding with his current claims. Allowing plaintiff to proceed with the instant case in this court would thwart the purpose of the "three strikes rule" and could result in enabling plaintiff to circumvent the rule by filing *in forma pauperis* actions in state court hoping that defendants will remove the case to this court. On the other hand, it does not seem appropriate to allow defendants to summarily end a prisoner's claims through removal (and subsequent operation of the "three strikes rule") when the prisoner properly filed his case in state court.

In Bartelli v. Beard, 2008 WL 4363645 (M.D. Penn. Sep. 24, 2008), the district court faced the anomalous situation at issue in the present case. That case began when

Bartelli, a state inmate, filed an *in forma pauperis* civil rights complaint in Pennsylvania state court. Like the defendants in this case, the Bartelli defendants removed the case to federal court claiming that the district court had federal question jurisdiction. Id. at *1. As the court noted, Bartelli was subject to the "three strikes rule" in federal court. Id. at *1 n.1. The magistrate judge recommended that the case either be dismissed pursuant to section 1915(g) or, in the alternative, remanded so Bartelli could pursue his federal claim in state court. Id. at *1. The defense objected on the grounds that Bartelli did not file his case in federal court, and that because the defense removed it as a matter of right, the "three strikes rule" did not bar litigation of the case in federal court. In considering the issue, the Bartelli court observed,

> The cases present an anomalous situation. If an indigent federal three strikes plaintiff sues in state court and the case is removed to the federal court where plaintiff is obligated to continue his litigation, it results in trumping the effect of § 1915(g). If the plaintiff is precluded from initiating the litigation in federal court by reason of § 1915(g), a defendant can effectively end a meritorious claim by an indigent plaintiff in state court by removing it to federal court where the claim will be stricken under the three strikes rule. Under both scenarios, a plaintiff would also lose the right to appeal; a remedy also denied him under § 1915(g).

Id. at *2. The court decided that the best course of action was to remand Bartelli's case so he could pursue his federal claim in state court. Id.

In the present case, the magistrate judge found Bartelli persuasive and has recommended that plaintiff's claims be remanded to state court. Defendants have objected, asserting that the rationale of Bartelli should not be adopted. Defendants argue that they properly removed the case to this court, that this court has federal question jurisdiction over plaintiff's claims, and that remand prejudices them by foreclosing their

statutory removal right simply because plaintiff has abused the *in forma pauperis* process in the past.

The court is somewhat sympathetic to defendants' position on the issue of remand. Indeed, other courts have dealt with the issue of removal in an action filed by a plaintiff subject to the "three strikes rule" and have not remanded the case. See Farnsworth v. Washington State Dept. of Corrections, 2007 WL 1101497 (W.D. Wash Apr. 9, 2007) (dismissing three-strike plaintiff's case); Lanier v. Holiday, 2005 WL 1513106 (W.D. Tenn. June 16, 2005) (holding that defense has an absolute right to remove three-strike plaintiff's case). However, the court finds the Bartelli rationale persuasive in balancing the interests involved in a case such as this one. In the court's view, allowing the removal of this case to stand would not produce a desirable result regardless of how the case progressed. If the court allowed plaintiff's case to proceed in this court, the PLRA's purpose of curtailing litigation by "three strikes" plaintiffs would be thwarted. If, on the other hand, the court dismissed plaintiff's case because he is subject to the "three strikes rule," his claims would never be heard simply because of a procedural maneuver by defendants—not because he filed a case in this court without paying the full filing fee. Further, the United States Court of Appeals for the Fourth Circuit has instructed that district courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (citation omitted). For these reasons, remand of this case to state court is appropriate.

## IV. CONCLUSION

For the foregoing reasons and those stated by the magistrate judge, it is therefore **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED** and **AFFIRMED**. This case is **REMANDED** to the Court of Common Pleas for Chesterfield County, South Carolina.

      **AND IT IS SO ORDERED.**

      **DAVID C. NORTON**
      **CHIEF UNITED STATES DISTRICT JUDGE**

**February 26, 2010**
**Charleston, South Carolina**