IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr. #200273 aka Malik Al-Shabazz, | C/A No. 5:09-cv-00410-DCN-KDW |
| Plaintiff, | |
| v. | Report and Recommendation |
| Chief of Police Randall Lear, Sgt. Kenneth Lear, PFC Jeff D. Outlaw, | |
| Defendants. | |

Plaintiff Billy Lee Lisenby, Jr. is a state prisoner who brought this civil rights action pro se pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Injunctive Relief filed on September 17, 2012, ECF No. 40, and Motion for a Writ of Mandamus[1] filed on August 16, 2012, ECF No. 38. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

Plaintiff filed his Complaint against Chief of Police Randall Lear, Sgt. Kenneth Lear, and PFC Jeff D. Outlaw of the Town of Chesterfield Police Department. ECF No. 1-1 at 3. Plaintiff's Complaint seeks damages from Defendants asserting that he was unlawfully arrested and harassed. ECF No. 1-1. Plaintiff is presently housed at Tyger River Correctional Institution ("Tyger River"). In his Motion for Injunctive Relief, Plaintiff asks the court to issue "an Injunction directing Tyger River's Staff to issue him the needed legal material to fight his case." ECF No. 40. In his Motion for Writ of Mandamus, Plaintiff

---
[1] Docketed as a Motion to Compel.

complains that Tyger River and the South Carolina Department of Corrections ("SCDC") refuse to supply him with adequate legal supplies therefore denying him access to courts. ECF No. 38 at 1. Plaintiff requests that the court enter an "injunctive order" directing SCDC and Tyger River to provide Plaintiff with sufficient paper, envelopes and pens so that he can pursue his lawsuit. Defendants oppose Plaintiff's motions arguing that they are not employed by the SCDC and that Plaintiff's motions seek relief for issues that are not part of Plaintiff's lawsuit, against persons who are not parties to this suit. ECF No. 44.

Plaintiff's motions seek injunctive relief from SCDC and Tyger River; however these entities are not parties to this action. This court must have jurisdiction over the person or entity against whom the injunction is sought. *See* Fed. R. Civ. P. 65(d); *R.M.S. Titanic, Inc. v. Haver,* 171 F.3d 943, 957 (4th Cir. 1999). Because the relief requested by Plaintiff cannot be properly obtained from the Defendants in this matter, the court recommends that Plaintiff's Motion for Injunctive Relief, ECF No. 40, and Motion for a Writ of Mandamus, ECF No. 38, be denied.

IT IS SO RECOMMENDED.

October 11, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge