IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr. #200273 aka Malik Al-Shabazz, | ) | C/A No.   5:09-cv-00410-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Order |
| | ) | |
| Chief of Police Randall Lear, Sgt. Kenneth Lear, PFC Jeff D. Outlaw, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Billy Lee Lisenby, Jr. is a state prisoner who brought this civil rights action pro se pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Appointment of Counsel, ECF No. 45, and Plaintiff's Motion for Copies, ECF No. 46, filed on October 1, 2012. Defendants did not file a response to Plaintiff's motions. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

**<u>Plaintiff's Motion for Appointment of Counsel, ECF No. 45</u>**

Plaintiff's Motion for Appointment of Counsel requests that this court appoint counsel because Plaintiff is indigent and continues to have medical problems. ECF No. 45. Plaintiff also argues, in support of his motion, that South Carolina Department of Corrections ("SCDC") has refused to supply Plaintiff with paper, pens and envelopes or with law library time, and that SCDC has confiscated his legal materials. *Id.*

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court is granted the power to exercise its discretion to

appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge,* 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases*." Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir.1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)).

In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. The court has reviewed the pleadings and other documents filed by Plaintiff and has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel. *Whisenant*, 739 F.2d 160. Further, Plaintiff has shown that he is able to represent his interests to this point in the lawsuit and Plaintiff's participation in this case has been adequate. *Id.* Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1), ECF No. 45, is denied.

### **Plaintiff's Motion for Copies, ECF No. 46**

Plaintiff's Motion for Copies requests that this court "direct the following agencies to turnover everything in their files or make copies and provide them to plaintiff, such as complaint, discovery, orders, motions, but not limited to etc: Davidson & Lindermann, P.A.; Chesterfield County Clerk of Court; United States District Court; and John J. Korzen, Director, Wake Forest University School of Law, Appellate Advocacy Center." Plaintiff's motion requests documents and material from entities that are not parties to this action and

therefore the relief requested by Plaintiff cannot be properly obtained from the Defendants in this matter. Therefore, Plaintiff's request for copies, ECF No. 46, is denied.

To the extent Plaintiff is seeking a copy of documents or orders that have been filed in this matter, the court does not provide copies to litigants free of charge. The Clerk's Office charges 50 cents per page for copies. If Plaintiff wishes to purchase a copy of documents filed in this court, he may contact the Clerk of Court at 843-676-3820 or 401 West Evans Street, Florence, SC 29501 to make payment arrangements.

## Conclusion

For the foregoing reasons, Plaintiff's motion to appoint counsel, ECF 45, and Plaintiff's Motion for Copies, ECF No. 46, is denied.

IT IS SO ORDERED.

October 22, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge