UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr. #200273 aka Malik Al-Shabazz, | C/A No.   5:09-cv-00410-DCN-KDW |
| Plaintiff, | |
| v. | Report and Recommendation |
| Chief of Police Randall Lear, Sgt. Kenneth Lear, PFC Jeff D. Outlaw, | |
| Defendants. | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed a Complaint alleging violations of state and federal law. ECF No. 1-1. This matter is before the court on Defendants' Motion for Summary Judgment filed February 1, 2013. ECF No. 67. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on February 4, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 68. Plaintiff responded to Defendants' Motion for Summary Judgment on March 6, 2013, and Defendants filed a Reply to Plaintiff's response on March 18, 2013. ECF Nos. 71, 72. This case was referred to the undersigned United States Magistrate Judge[2] for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendants' motion is dispositive, a Report and Recommendation is entered for district judge's review.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).
[2] On July 20, 2012, this matter was reassigned from United States Magistrate Judge Bruce Howe Hendricks to the undersigned. ECF Nos. 24, 25.

I.      Factual and Procedural Background

Plaintiff filed his Complaint in the Chesterfield County Court of Common Pleas ("state court") on December 20, 2008. ECF No. 1-1. On February 19, 2009, Defendants removed the action to federal court pursuant to the provisions of 28 U.S.C. § 1441 arguing that "Plaintiff's Complaint raises issues of federal statutory and constitutional law." ECF No. 1 at 1. United States Magistrate Judge Hendricks recommended, *sua sponte*, that the case be remanded to state court to prevent it from being stricken in federal court under the "three strikes" rule.[3] ECF No. 9. Over Defendants' objections to the Report and Recommendation, ECF No. 10, the United States District Judge adopted the recommendation of the Magistrate Judge and remanded the case to state court in an Order and Opinion filed on February 26, 2010, ECF No. 13. Defendants appealed the remand order. ECF No. 17. On March 16, 2012, the United States Court of Appeals, Fourth Circuit, reversed the remand order finding there was no "statutory or legal authority by which the district court could properly remand the action to state court, thereby depriving Defendants of their right to have the claims heard in federal court." *Lisenby v. Lear*, 674 F.3d 259, 263 (4th Cir. 2012).[4] Plaintiff's Complaint was reinstated for further proceedings in federal court.

---

[3] At the time Plaintiff filed his Complaint he qualified as a "three-strikes" prisoner under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, based on prior claims filed and dismissed as frivolous. Section 1915(g) of the PLRA provides that a three-strikes prisoner may not bring a civil action in federal court *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." Because Plaintiff did not pay the filing fee (Defendants paid the fee upon removal), the Magistrate Judge found that Plaintiff's case could not proceed in federal court without thwarting the purpose of the three-strikes rule under §1915(g).

[4] The Fourth Circuit also noted that upon remand the district court would be faced once again with the issue of whether Plaintiff's case may be dismissed pursuant to the PLRA. *Lisenby*, 674 F.3d at 263 n.3. As Defendants have not raised the "three-strikes" rule in their Motion for Summary Judgment that issue is not before the court. Additionally, upon review of Plaintiff's prior cases, the court notes that under *McLean v. U.S.*, 566 F.3d 391 (4th Cir. 2009) (holding that a dismissal without prejudice for failure to state a claim does not count as a strike) and its progeny, Plaintiff is no longer deemed to have three strikes. *See Colonial Penn Ins. Co. v. Coil*,

In his Complaint, Plaintiff alleges that in early December 2007, Defendants improperly ran a check of his driver's license with the Department of Motor Vehicles ("DMV") to determine if his license was suspended. ECF No. 1-1 at 3. Plaintiff also contends that he was falsely charged and arrested for an alleged car chase that occurred on December 11, 2007. *Id.* at 4. Finally, Plaintiff alleges that Defendants harassed him and his family members. *Id.* at 2-6. Plaintiff brings claims for false imprisonment, defamation, cruel and unusual punishment, violation of his right to be free from illegal searches and seizures, harassment, racial discrimination, refusal to investigate a house-breaking claim for Plaintiff's home, abuse of authority, conspiracy, and perjury. *Id.* at 7. Plaintiff also asserts that he has sustained "severe, painful, and permanent" mental injuries. *Id.* at 8. Plaintiff seeks "actual and punitive damages in such amounts as may be deemed appropriate by a judge and jury upon trial," along with "costs and disbursements in the pursuit of this action." *Id.*

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

3

to judgment as a matter of law." Fed. R. Civ. P. 56(a).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact."  *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

III.   Analysis

A. Illegal Search Claim

Plaintiff contends that Defendants performed an illegal search when they ran a check of his driver's license to see if it was suspended when the search was not related to an ongoing investigation or traffic stop and violation.  ECF No. 1-1 at 2.  Defendants allege that "Plaintiff had no reasonable expectation of privacy in the public database concerning his driving record, and therefore, the Plaintiff's claim must fail."  ECF No. 67-1 at 6.  Defendants also argue that the matching "of a lawfully obtained identification record against other records in [their] lawful possession does not infringe on an individual's legitimate expectation of privacy." *Id.* at 7. Plaintiff disputes that DMV records are part of the public record.  ECF No. 71 at 2.  Plaintiff

4

argues that Defendants obtained this information "for harassment purposes" because Defendants "never seen him driving a car or around a car." *Id.* Plaintiff argues that "to run a check to see if he has a warrant is one thing. But to run a check to see if he has a driver's license and he is not near a car or accused of doing anything with a car" supports Plaintiff's allegations concerning an illegal search. *Id.*

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Fourth Amendment protections are not triggered unless the state monitors an area in which the defendant has a "constitutionally protected reasonable expectation of privacy." *New York v. Class*, 475 U.S. 106, 112 (1986); *see also Kyllo v. United States*, 533 U.S. 27, 33 (2001) ("[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable."). Determining whether one's expectation of privacy is justifiable involves two separate inquiries: (1) whether the individual demonstrated an actual or subjective expectation of privacy in the subject of the search or seizure; and (2) whether this expectation of privacy is objectively justifiable under the circumstances. *Smith v. Maryland*, 442 U.S. 735, 740 (1979) (quotation marks omitted); *U.S. v. Ramapuram*, 632 F.2d 1149, 1154 (4th Cir. 1980).

The undersigned finds that Plaintiff's expectation of privacy in the DMV records at issue is not objectively justifiable under the circumstances. "DMV records, in some respects, are akin to criminal records maintained by courts and law enforcement agencies . . . and [a]n individual's criminal record is a matter of public record." *Phillips v. Bailey*, 337 F. Supp. 2d 804, 806 (W.D. Va. 2004). Plaintiff cannot expect to have a constitutionally-protected privacy interest in matters of public record. *See Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 493-96 (1975). Because

5

Plaintiff does not allege that the personal information in the DMV databases was acquired in violation of the Fourth Amendment, he cannot complain under the Fourth Amendment about access to that information by others. *Hallstein v. City of Hermosa Beach*, 87 Fed. Appx. 17, 19, 2003 WL 22905292 (9th Cir. 2003). Accordingly, the undersigned recommends that Defendants be granted summary judgment on this claim.

### B. False Arrest Claim

Plaintiff contends that he was falsely charged and arrested for an alleged car chase that occurred on December 11, 2007. ECF No. 1-1 at 4. Plaintiff argues that he "was arrested after he turned himself in" and "the Defendant's have no proof he was driving the car in the high speed chase. They received no tag number. Even more both Randall Lear and Kenneth Lear admit Officer Outlaw didn't know the Plaintiff." ECF No. 71 at 3. Defendants contend that they are entitled to summary judgment on Plaintiff's false arrest claim because probable cause existed for Plaintiff's arrest for failure to stop for a blue light. ECF No. 67-1 at 10.

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). "A plaintiff's allegations that police seized him 'pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a . . . claim alleging a seizure that was violative of the Fourth Amendment.'" *Miller v. Prince George's Cnty., MD*, 475 F.3d 621, 627 (4th Cir. 2007).

In support of their summary judgment motion, Defendants contend that probable cause existed because Plaintiff was arrested on December 23, 2007 pursuant to a facially valid warrant. ECF No. 67-1 at 11. Defendants further argue that Plaintiff's charge was "bound over after a

6

preliminary hearing and that the Chesterfield County Grand Jury later issued a true bill indictment" against Plaintiff on the "Failure to Stop for a Blue Light" charge. *Id.* at. 11. Defendants contend that the results of the preliminary hearing and the Grand Jury's true bill indictment establish that probable caused existed for Plaintiff's arrest. *Id.*

In response to these arguments, Plaintiff attests that Defendant Outlaw committed perjury both at the preliminary hearing and to obtain a warrant when he stated that he knew Plaintiff "because he had a picture of [Plaintiff] in the police truck." ECF No. 71-1 at 2. Plaintiff avers that "[t]he 10 year drivers record was printed on 12-11-07 at 10:38:44 PM moments after the alleged chase" and therefore Defendant Outlaw "couldn't have had it in the truck during the alleged chase." *Id.* Plaintiff further argues that Defendant Outlaw "states [Plaintiff's] license was suspended due to unpaid tickets in Cabarrus County N.C.," but Plaintiff contends that he paid the tickets on July 13, 2007. *Id.*

To succeed on his false arrest claim, Plaintiff must prove that Defendant Outlaw deliberately or with a "reckless disregard for the truth" made material false statements in his affidavit or omitted from that affidavit "material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (internal citations omitted). "'Reckless disregard' can be established by evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity,' that is, 'when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Miller*, 475 F.3d at 627. To violate the Constitution, the false statements or omissions must be "material," that is, "necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). "To

7

determine materiality, a court must 'excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause.'"  *Miller*, 475 F.3d at 628.  "If the 'corrected' warrant affidavit establishes probable cause, no civil liability lies against the officer."  *Id.*

The undersigned has reviewed the challenged warrant,[5] the incident report,[6] along with Plaintiff's affidavit, Defendant Kenneth Lear's affidavit, and Defendant Randall Lear's affidavit, and finds that Plaintiff cannot establish that Defendant Outlaw made material false statements in his affidavit in support of the issuance of the challenged arrest warrant.  Although Plaintiff contends that Defendant Outlaw did not know who he was prior to the attempted traffic stop on December 11, 2007, Defendant Randall Lear attests that, a few days before that date, he informed Defendant Outlaw about Plaintiff having a suspended driver's license and provided Outlaw with "Plaintiff's driver's license photograph so that he would know who to be on the lookout for."  ECF No. 67-3 at 3.   The fact that Plaintiff's driver's record and photo[7] were also printed on December 11, 2007, following the traffic stop at issue, is insufficient evidence to establish that Defendant Outlaw perjured himself when he attested that he "saw the [Plaintiff] driving, and knew he was under suspension."  ECF No. 67-2 at 9.    Further, although Plaintiff argues he had previously paid the tickets for which Defendant Outlaw stated his license was suspended, Plaintiff has not offered any evidence to establish that his driver's license was not suspended on December 11, 2007.  *See* ECF No. 71-1 at 2.  Accordingly, the undersigned finds that Defendant Outlaw had probable cause to arrest Plaintiff for the December 11, 2007 incident and therefore recommends that Defendants be granted summary judgment on this claim.

---

[5] ECF No. 67-2 at 6.

[6] *See* ECF No. 67-2 at 15.

[7] *See* ECF No. 67-2 at 7 -8.

### C. Racial Discrimination Claim

Defendants contend that "Plaintiff's purported claim for racial discrimination must be dismissed for failing to comply with the requirements of Fed. R. Civ. P. 8, but also assert that Plaintiff has failed to state a cause of action for racial discrimination even if he has satisfied the requirement of Rule 8." ECF No. 67-1 at 13. In response to this argument, Plaintiff argues "that the reason for his harassment by defendants is because of his race. He has done nothing else to them." ECF No. 71 at 3.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "[A]bsent some factual evidence [of discrimination] the court will not look behind the determinations of . . . officials on mere accusations that they are racially motivated." *Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D.Va. 1974). A merely conclusory allegation of discrimination, without facts supporting the assertion that an officer's conduct was motivated by the litigant's race, is insufficient to state an actionable § 1983 claim. *Id.*

The undersigned finds that Plaintiff has not submitted any evidence to show that any of the Defendants' actions of which he complains were because of intentional or purposeful discrimination. Accordingly, it is recommended that Defendants' motion for summary judgment be granted on this claim.[8]

---

[8] Plaintiff also brought claims for emotional distress and failure to investigate a housebreaking. *See* ECF No. 1-1 at 4, 7-8. Defendants moved for summary judgment on Plaintiff's mental distress and failure to investigate claims arguing there is no § 1983 liability for these claims because there is "no constitutional right to demand prosecution of a purported crime" and there

D. Qualified Immunity

Defendants assert that "even if the Court were to construe a claim against them, they would nevertheless be entitled to qualified immunity." ECF No. 67-1 at 20. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

---

is "no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish." ECF No. 67-1 at 17-19. Plaintiff has failed to address these arguments in his response to summary judgment, and therefore it appears to the undersigned that Plaintiff does not oppose Defendants' summary judgment motion on these grounds. Based on the foregoing, the undersigned recommends that Defendants be granted summary judgment on these claims.

The record before the court shows that Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their professional judgment, and that they performed the discretionary functions of their official duties in an objectively reasonable fashion. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendants be granted qualified immunity.

E.  State Law Claims

Plaintiff also alleges claims for defamation, conspiracy, and harassment in violation of state law. Having found that Defendants are entitled to summary judgment regarding Plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claim for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgment, ECF No. 67, be GRANTED.

IT IS SO RECOMMENDED.

June 19, 2013                                              Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**